UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER ARMSTRONG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL PROPERTIES TRUST, INC., EDWARD K. ALDAG, JR., R. STEVEN HAMNER, and J. KEVIN HANNA,<br><br>Defendants. | Case No. 1:23-cv-08597-VSB |

ORDER
APPOINTING LEAD PLAINTIFF AND APPROVING LEAD COUNSEL

**WHEREAS**, the Court has considered the motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and explained its reasons for granting the motion,

**IT IS HEREBY ORDERED THAT**:

1. Having reviewed the pending motion and accompanying memorandum of law, the Court hereby appoints John Cuomo ("Cuomo") as Lead Plaintiff in the above-captioned action (the "Action"). Cuomo satisfies the requirements for appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B)(iii) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

2. Lead Plaintiff, pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, has selected and retained Pomerantz LLP as Lead Counsel for the Class in the Action.

3. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

    (a) to coordinate the briefing and argument of motions;

    (b) to coordinate the conduct of discovery proceedings;

    (c) to coordinate the examination of witnesses in depositions;

    (d) to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

    (e) to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

    (f) to coordinate all settlement negotiations with counsel for defendants;

    (g) to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

    (h) to assign discrete tasks to additional counsel (e.g., Wohl & Fruchter LLP), as needed, working under Lead Counsel's direction and supervision; and

    (i) to supervise any other matters concerning the prosecution, resolution, or settlement of the Action.

4. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Counsel.

5. Every pleading in this Action, and any related action that is consolidated with this Action, shall hereafter bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE MEDICAL PROPERTIES TRUST, INC. SECURITIES LITIGATION | Case No. 1:23-cv-08597-VSB |
|---|---|
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | [TITLE OF DOCUMENT] |

6. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When the document applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the name of the first-listed plaintiff in said action.

7. Counsel in any related action that is consolidated with this Action shall be bound by the organization of plaintiffs' counsel as set forth herein.

8. Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

9. Lead Counsel shall be the contact between plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

10. Defendants shall effect service of papers on plaintiffs by serving a copy of same on Lead Counsel by overnight mail service, electronic or hand delivery. Plaintiffs shall effect

service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery.

11. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

**SO ORDERED.**

Dated: \_\_\_\_August 13_____, 2024
New York, New York

_____
HONORABLE VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK